IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MINA SHARPE and BELINDA McKINNON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL, INC., RANDSTAD NORTH AMERICA, INC., VACO NASHVILLE, LLC, and VACO CHARLOTTE, LLC,<br><br>Defendants. | Case No. 3:17-cv-00189-GCM |

**DEFENDANT VACO NASHVILLE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER DUE TO IMPROPER VENUE**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a), Defendant Vaco Nashville, LLC, formerly known as Vaco, LLC ("Vaco Nashville"), respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss or, in the Alternative, Transfer Due to Improper Venue. For the reasons set forth in Vaco Nashville's Motion, and as more fully explained below, Vaco Nashville should be dismissed from this action or, in the alternative, this action should be transferred to the United States District Court for the Middle District of Tennessee.

## INTRODUCTION

Plaintiffs Mina Sharpe and Belinda McKinnon brought this action under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act. Although this case purports to be a collective action and a class action, no persons other than Ms. Sharpe and Ms. McKinnon ever consented to join this action. Moreover, Ms. Sharpe, who was employed by Defendant Randstad North America, Inc. and assigned to Defendant Ally Financial, Inc. ("Ally"), has filed a Stipulation of Dismissal of her claims, leaving Ms. McKinnon as the sole remaining Plaintiff. (Docket No. 36.)

Vaco Nashville, a professional recruiting, staffing, and consulting company, is a Tennessee limited liability company with its principal place of business in Brentwood, Williamson County, Tennessee. (*Am. Compl.* ¶ 13.) Ms. McKinnon was employed by Vaco Nashville and assigned to one of Vaco Nashville's clients, Ally, formerly known as GMAC. *Id.* ¶ 9. Vaco Nashville paid Ms. McKinnon's wages and provided employee benefits to her. (*See* Lauren Tumminello Decl. ("Tumminello Decl."), attached to Vaco Nashville's Mot. Dismiss as Exhibit 1, ¶ 3.)

Ms. McKinnon signed an employment agreement with Vaco Nashville, a copy of which is attached as Exhibit A to the Tumminello Declaration. Among other things, Ms. McKinnon's employment agreement explicitly provides that she would be paid a specific hourly rate for performing services for the benefit of Vaco Nashville's client, GMAC, and a higher rate (consistent with FLSA requirements) for all overtime hours she worked for GMAC. (Tumminello Decl. Ex. A.) Further, Ms. McKinnon's employment agreement provides that any litigation connected with the agreement "shall be brought only in the state or federal courts for Williamson County, Tennessee," and such courts shall have exclusive personal jurisdiction over Ms.

McKinnon and Vaco Nashville. (*Id.* ¶ 15.)

Vaco Nashville seeks the dismissal of this action against it based on the mandatory forum selection clause found in Ms. McKinnon's employment agreement. Alternatively, Vaco Nashville seeks the transfer of this action to the United States District Court for the Middle District of Tennessee, which includes Williamson County, Tennessee.

## ARGUMENT

**I. Ms. McKinnon's Action Against Vaco Nashville Should Be Dismissed Due to the Mandatory Forum Selection Clause in Her Employment Agreement.**

The first issue to address is whether the forum selection clause in Ms. McKinnon's employment agreement with Vaco Nashville applies to her claims in this action. Ms. McKinnon alleges that Vaco Nashville failed to compensate her properly under federal and state law by failing to pay overtime wages for hours allegedly worked by her in excess of forty (40) hours per week. Her employment agreement with Vaco Nashville, however, specifically provides the hourly wage rate she would receive for her services, including a higher, overtime rate for all overtime hours worked. (Tumminello Decl. Ex. A.) The forum selection clause in her employment agreement states that it will apply to all litigation "in connection" with the agreement. (*Id.*) Because her agreement specifically defines Ms. McKinnon's wage rate, including her overtime wage rate, her claims are connected to her agreement, and the forum selection clause applies. *See, e.g., Goodly v. Check-6, Inc.*, No. CV 16-1936, 2016 WL 3090293, at *3 (E.D. La. June 2, 2016) (holding that forum selection clause in employment agreement applied to FLSA claims, where it applied to any lawsuit filed "in connection with" the employment agreement); *Newman v. Advanced Technology Innovation Corp.*, No. 1:12CV24 JCC/TRJ, 2012 WL 1414859, at *6 (E.D. Va. Apr. 20, 2012) (holding that forum selection clause contained in employment agreement applied to FLSA claims,

where the clause applied to "all matters regarding" the employment agreement and the agreement set forth the employee's rate of pay); *Ruifrok v. White Glove Restaurant Services, LLC*, No. CIV A. DKC 10-2111, 2010 WL 4103685, at *5 (D. Md. Oct. 18, 2010) (holding that forum selection clause contained in employment agreement applied to FLSA and state law wage and hour claims, where the clause applied to "any action arising out of [the employment agreement] or the parties' performance hereunder" and clause encompassed the manner and rate of pay to the plaintiff, which was at the core of her FLSA and state law claims).

The second issue to address is whether the forum selection clause in Ms. McKinnon's employment agreement is mandatory, providing the designated forum with exclusive jurisdiction over any disputes, or permissive, providing the designated forum with jurisdiction over the parties, but not necessarily exclusive jurisdiction. Generally, a forum selection clause will be deemed mandatory if it includes language that indicates the parties' intent to make jurisdiction exclusive. *Scotland Memorial Hospital, Inc. v. Integrated Informatics, Inc.*, No. CIV. 1:02CV00796, 2003 WL 151852, at *3-4 (M.D.N.C. Jan. 8, 2003).

The language in Paragraph 15 of Ms. McKinnon's employment agreement makes clear that the forum selection clause is mandatory, because it states that the state or federal courts for Williamson County, Tennessee (the site of Vaco Nashville's principal place of business), shall have <u>exclusive</u> personal jurisdiction over the parties, and that any litigation in connection with the agreement "shall be brought <u>only</u>" in such courts. (Emphasis added.) Indeed, the Fourth Circuit has deemed mandatory a forum selection clause with far less definitive language. *See IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (finding forum selection clause to be mandatory when it stated that defendant's registered place of business "shall be the place of jurisdiction");

- 4 -

7/4036053.2

Case 3:17-cv-00189-GCM   Document 41   Filed 08/09/17   Page 4 of 9

*see also Scotland Memorial Hospital*, 2003 WL at *3-4 (deeming mandatory a forum selection clause stating that "venue will be the courts in Atlanta, Georgia").

Given that the forum selection clause in Ms. McKinnon's employment agreement is mandatory, her action against Vaco Nashville must be dismissed if the clause is valid. *Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG*, 26 F.Supp.3d 496, 506 (M.D.N.C. 2014). Forum selection clauses are presumptively valid and should be enforced unless the opposing party clearly shows that enforcement is unreasonable under the circumstances. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996).

Ms. McKinnon cannot make any showing of unreasonableness in this case. The mandatory forum selection clause calls for venue in the state or federal courts for Williamson County, Tennessee, the site of Vaco Nashville's principal place of business. Vaco Nashville was Ms. McKinnon's employer. It entered into an employment agreement with her, it paid her wages, and it provided employee benefits to her. Any inconvenience that Ms. McKinnon may experience in litigating in Tennessee, and any added expense she may incur from litigating in Tennessee, is insufficient to invalidate the mandatory forum selection clause contained in her employment agreement. *See Turfworthy*, 26 F.Supp.3d at 508 (dismissing case on venue grounds and upholding a forum selection clause that called for mandatory venue in Germany).

For the reasons set forth above, the mandatory forum selection clause in Ms. McKinnon's employment agreement should be upheld, and Vaco Nashville should be dismissed from this action.

7/4036053.2

**II.     Alternatively, Ms. McKinnon's Action Should Be Transferred to the United States District Court for the Middle District of Tennessee.**

Alternatively, if this Court is unwilling to dismiss Vaco Nashville from this action, it should transfer this action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §1404(a). Non-parties to a contract are generally covered by forum selection clauses if their alleged conduct is "closely related" to the contract in question. *See NC Contracting, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-766-FL, 2012 WL 5303295, at *7 (E.D.N.C. Oct. 25, 2012), *citing Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998); and *Belfiore v. Summit Fed. Credit Union*, 452 F.Supp.2d 629, 633 (D. Md. 2006).

In this case, Ms. McKinnon alleges that she was jointly employed by Vaco Nashville, Vaco Charlotte, LLC, and Ally, and that these three Defendants failed to compensate her properly for overtime hours she allegedly worked. (*Am. Compl*. ¶¶ 1, 10, 27.) The alleged conduct of these three Defendants "closely relates" to Ms. McKinnon's employment agreement with Vaco Nashville, as that agreement defines her base hourly wage rate and her overtime wage rate. Thus, the forum selection clause in Ms. McKinnon's employment agreement with Vaco Nashville applies equally to Vaco Charlotte, LLC and Ally. If the Court declines to dismiss Vaco Nashville from this action, it should transfer this action to the United States District Court for the Middle District of Tennessee, the federal district that includes Williamson County, Tennessee.[1]

---

[1] A transfer would result in little, if any, inconvenience to Vaco Charlotte, LLC and Ally. Vaco Charlotte, LLC is a Tennessee limited liability company that has objected to venue in this Court. (*Vaco Charlotte, LLC's Answer to Am. Compl*. ¶ 6.) Ally is a publicly-traded company headquartered in Detroit, Michigan. As noted earlier, the fact that Ms. McKinnon may be inconvenienced by having to litigate in Tennessee rather than North Carolina is insufficient to invalidate a mandatory forum selection clause.

- 6 -

*See, e.g., Belfiore v. Summit Federal Credit Union, et al.*, 452 F.Supp.2d 629, 633-34 (D. Md. 2006) (transferring case filed by individual resident of Maryland from federal court in Maryland to federal court in New York based on mandatory forum selection clause, and applying clause to defendants who were not parties to the contract in question).

## **CONCLUSION**

Ms. McKinnon entered into an employment agreement with Vaco Nashville that, among other things, specified the wages (including overtime wages) she would be paid for her work. That agreement included a mandatory forum selection clause, calling for exclusive venue in the state and federal courts for Williamson County, Tennessee. Based upon this clause, Vaco Nashville should be dismissed from this action. Alternatively, this action should be transferred to the United States District Court for the Middle District of Tennessee.

7/4036053.2

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP


By:   s/ Amy E. Puckett
      Michael C. Griffin
      mgriffin@bradley.com
      N.C. Bar No. 31947
      Amy E. Puckett
      apuckett@bradley.com
      N.C. Bar No. 43142
      Hearst Tower
      214 N. Tryon St., Ste. 3700
      Charlotte, NC 28202
      Telephone: (704) 338-6000
      Facsimile: (704) 332-8858

      J. Craig Oliver (*pro hac vice*)
      coliver@bradley.com
      Tenn. Bar No. 016838
      Roundabout Plaza
      1600 Division St., Ste. 700
      Nashville, TN 37203
      Telephone: (615) 244-2582
      Facsimile: (615) 252-6310

      **Attorneys for Defendant**
      **Vaco Nashville, LLC**

# CERTIFICATE OF SERVICE

I certify that on August 9, 2017, I filed the foregoing DEFENDANT VACO NASHVILLE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER DUE TO IMPROPER VENUE with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

Phillip J. Gibbons, Jr., Esq.
STEPHAN ZOURAS, LLP
15720 Brixham Hill Ave., Suite 331
Charlotte, North Carolina 28277

Ryan F. Stephan, Esq.
James B. Zouras, Esq.
Teresa M. Becvar, Esq.
STEPHAN ZOURAS, LLP
205 N. Michigan Ave., Suite 2560
Chicago, Illinois 60601

Frederick T. Smith, Esq.
SEYFARTH SHAW LLP
6000 Fairview Rd., Suite 1200
Charlotte, NC 28210

Ann Herlocker Smith, Esq.
JACKSON LEWIS P.C.
3737 Glenwood Ave., Ste. 450
Raleigh, NC 27612

David R. Golder, Esq.
JACKSON LEWIS, P.C.
90 State House Square, 8th Floor
Hartford, CT 06103

    s/ Amy E. Puckett
Amy E. Puckett
One of the Attorneys for Defendant Vaco Nashville, LLC