IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
3:17CV189-GCM

| | |
|---|---|
| MINA SHARPE and BELINDA McKINNON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLY FINANCIAL, INC., RANDSTAD NORTH AMERICA, INC., VACO NASHVILLE, LLC, and VACO CHARLOTTE, LLC,<br><br>    Defendants. | ORDER |

This matter is before the Court upon Defendant Vaco Nashville, LLC's Motion to Dismiss, or, in the Alternative, Transfer Due to Improper Venue. Plaintiff McKinnon[1] has filed a brief in opposition, and Vaco Nashville has filed a Reply.[2] This matter is now ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff filed this class and collective action complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*., by failing to pay overtime compensation to Plaintiff and other similarly situated workers. Plaintiff was employed by Vaco Nashville, a professional recruiting, staffing, and consulting company, which is a Tennessee

---

[1] Plaintiff Sharpe stipulated to dismissal of all of her claims asserted in this action, including all claims against Defendant Randstad, on July 24, 2017. (Doc. No. 36). Accordingly, Randstad is dismissed from this action entirely, and Plaintiff McKinnon is the only remaining Plaintiff.

[2] Defendant Vaco Charlotte, LLC has filed a consent indicating it has no objection to Vaco Nashville's Motion.

1

limited liability company with its principal place of business in Brentwood, Williamson County, Tennessee. (Am. Compl. ¶ 13.) Ms. McKinnon was employed by Vaco Nashville and assigned to one of Vaco Nashville's clients, Ally Financial, Inc., formerly known as GMAC. *Id.* ¶ 9. Vaco Nashville paid Ms. McKinnon's wages and provided employee benefits to her. [3]

Plaintiff McKinnon signed an employment agreement with Vaco Nashville. Among other things, Plaintiff's employment agreement explicitly provides that she would be paid a specific hourly rate for performing services for the benefit of Vaco Nashville's client, GMAC, and a higher rate (consistent with FLSA requirements) for all overtime hours she worked for GMAC. Further, Ms. McKinnon's employment agreement provides that "[t]his Agreement shall be governed by the laws of Tennessee. Any litigation in connection herewith shall be brought only in the state or federal courts for Williamson County, Tennessee and both parties consent to such courts' exclusive exercise of personal jurisdiction over them." (Doc. No. 40-1 at 8).

In her Amended Complaint, Plaintiff alleges that Defendants jointly employed Plaintiff and other Anti-Money Laundering Investigators ("AML Investigators") pursuant to a scheme in which Ally Financial contracted with staffing agencies, including but not limited to Vaco Charlotte and Vaco Nashville, to recruit, hire and assign them to perform work as AML Investigators for Ally Financial. (Am. Compl. ¶¶ 1-2.) While the staffing agencies employed the workers as W-2 employees and issued their paychecks, Ally Financial oversaw virtually all aspects of their day-to-day work. (*Id.* ¶ 2.) This alleged "fissured employment" scheme was devised to shield Ally Financial and the staffing agencies from accountability for workplace

---

[3] Defendant has submitted the Declaration of Lauren Tumminello, Director of National Accounts Program for Vaco Nashville, whose responsibilities include oversight of administrative operations (such as on-boarding and payroll) concerning employees who are assigned to work for national companies.

violations and avoid their statutory obligation to pay overtime under the FLSA and state law. (*Id.*)

Vaco Nashville moves under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a) to dismiss, or in the alternative, transfer this case to the United States District Court for the Middle District of Tennessee on the basis of the forum selection clause in Plaintiff's employment agreement.

**DISCUSSION**

At the outset, the Court notes that dismissal pursuant to Rule 12(b)(3) would be improper in this case. The Supreme Court has explicitly held that § 1404(a) is the exclusive mechanism to enforce a forum selection clause that points to another federal forum when venue is otherwise proper in the district where the case was brought. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575 (2013) ("We reject petitioner's argument that [a forum selection] clause may be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure."). Venue is otherwise proper in this district because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. 1391(b)(2). Plaintiff alleges that she was a citizen and resident of North Carolina and worked as an hourly-paid AML Investigator for Ally Financial in Charlotte, North Carolina. (Am. Compl. ¶¶ 9, 20). Accordingly, Defendant's Motion to Dismiss will be denied.

A valid forum selection clause that points to a particular federal district may be enforced through a motion to transfer under § 1404(a). *Atl. Marine*, 134 S. Ct. at 579. In order to be enforceable by a court, a forum selection clause must be applicable to the claims at issue, valid, and mandatory. *Tracy v. Loram Maintenance of Way, Inc.*, No. 5:10–CV– 102–RLV, 2011 WL 2791257, at *3 (W.D.N.C. July 14, 2011). The language of the forum selection clause herein is

clearly mandatory because it states that the state or federal courts for Williamson County, Tennessee (the site of Vaco Nashville's principal place of business), shall have *exclusive* personal jurisdiction over the parties, and that any litigation in connection with the agreement "*shall be brought only*" in such courts. (emphasis added).

The Plaintiff does not dispute the mandatory nature of the forum selection clause. Rather, she focuses her argument on whether the clause applies to her claims. Plaintiff asserts that the forum selection clause does not encompass her non-contractual statutory claims asserted under the FLSA and NCWHA. Although Plaintiff acknowledges that the Fourth Circuit has not addressed the issue of whether forum selection clauses can apply to non-contractual claims, she cites several cases where district courts have held that suits based on independent statutory rights, such as those to recover overtime payments under the FLSA, are not controlled by a forum selection clause when those rights do not depend on any provision of the employment agreement. *See Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 141-42 (D. Mass. 2012); *Crouch v. Guardian Angel Nursing, Inc.*, No. 07-CV-00541, 2009 WL 3738095, at *2-3 (M.D. Tenn. Nov. 4, 2009); *Perry v. Nat'l City Mortg., Inc.*, No. 05-CV-891-DRH, 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006); *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-CV-1437 (DWF/SRN), 2005 WL 3054594, at *3 (D. Minn. Nov. 14, 2005).

The cases cited by Plaintiff, however, are largely distinguishable from this case in that the language of the forum selection clause here is significantly broader than the ones at issue in those cases. For example, the forum selection clause in *Pacheco* was limited to "any dispute derived out of" the employment agreement, and the court explained that "derive" meant "to take, receive, or obtain especially from a specified source." *Pacheco*, 879 F. Supp. 2d at 140-41. Accordingly, the court determined that the plaintiff's FLSA claims were not "derived from" the employment

4

agreement and thus beyond the scope of the contractual forum selection clause. In *Crouch*, the court held that the plaintiff's FLSA claim was not governed by a forum selection clause that applied to "any action to enforce any provision of this agreement." *Crouch*, 2009 WL 3738095, at * 2-3. The *Saunders* court found that a forum selection clause that applied to "this contract" did not apply to FLSA claims and was limited to breach of contract actions. *Saunders*, 2005 WL 3054594, at * 3. Similarly, the forum selection clause in *Perry* stated that it applied to "this Agreement" and the district court, citing *Saunders*, held that it did not apply to plaintiff's FLSA claim. *Perry*, 2006 WL 2375015, at * 4; *see also Fuller v. Goldstar Estate Buyers Corp*., No. 10–cv–5839, 2011 WL 809429, at *3 (N.D. Ill. Mar. 1, 2011).

The forum selection clause in Plaintiff's employment agreement is substantially broader, stating that it will apply to all litigation "in connection" with the employment agreement. Because her agreement specifically defines Plaintiff's wage rate, including her overtime wage rate, her claims are "connected" to her agreement, and the forum selection clause applies. *See*, *e.g*., *Goodly v. Check-6, Inc*., No. CV 16-1936, 2016 WL 3090293, at *3 (E.D. La. June 2, 2016) (holding that forum selection clause in employment agreement applied to FLSA claims, where it applied to any lawsuit filed "in connection with" the employment agreement); *Newman v. Advanced Tech. Innovation Corp*., No. 1:12CV24 JCC/TRJ, 2012 WL 1414859, at *6 (E.D. Va. Apr. 20, 2012) (holding that forum selection clause contained in employment agreement applied to FLSA claims, where the clause applied to "all matters regarding" the employment agreement and the agreement set forth the employee's rate of pay).

In *Ruifrok v. White Glove Restaurant*, the Maryland District Court examined a forum selection clause that encompassed "[t]his Agreement and the parties' performance hereunder." No. DKC 10–2111, 2010 WL 4103685, at *1 (D. Md. Oct. 18, 2010). In *Ruifrok*, the court

explained, "[i]n providing that [the forum selection clause] applies to any action arising from 'the parties' performance' of the agreement, the clause encompasses the rate and manner of pay and reimbursement to Plaintiff, which is the core of the FLSA and related state law claims." *Id.* at *6; *see also Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 790 (N.D. Ill. 2013) (contrasting the forum selection clauses in *Pacheco*, *Perry*, *Saunders*, and *Fuller* with the forum selection clause in *Ruifrok*). Similar to the facts in *Ruifrok*, here the issues of hourly wages and overtime, directly addressed in the employment agreement, are at the core of Plaintiff's FLSA and NCWHA claims. Accordingly, the Court finds that the forum selection clause applies to Plaintiff's claims.

Plaintiff next argues that the forum selection clause is not valid. Forum selection clauses are presumptively valid and should be enforced unless the opposing party clearly shows that enforcement is unreasonable under the circumstances. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). The Fourth Circuit has summarized the test for whether a forum selection clause is unreasonable, stating that choice of forum and law provisions may be found unreasonable if:

    (1)    their formation was induced by fraud or overreaching;

    (2)    the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum;

    (3)    the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or

    (4)    their enforcement would contravene a strong public policy of the forum state.

*Id*. (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

Plaintiff contends that the employment agreement was induced by overreaching because it was not made in an arms-length transaction by sophisticated business entities, but rather was between employer and employee. However, numerous courts, including this court, have upheld forum selection clauses in agreements between employers and employees. *See Tracy*, 2011 WL 2791257, at *4. That fact alone is insufficient to render the clause invalid by fraud or overreaching.

Plaintiff next argues that "all of the potential class and collective action members" as well as "nearly every other fact witness" would face considerable hardship if forced to litigate in Tennessee. (Doc. No. 42 at p.10). Plaintiff's contentions ignore the fact that: (1) Ms. McKinnon is the only plaintiff currently in this case (and the only prospective class and collective action member employed by Vaco Nashville or Vaco Charlotte, LLC) and the location of any other potential class and collective action members is unknown and purely speculative, (2) Nashville, Tennessee, is hardly an unreasonable distance from Charlotte, North Carolina, (3) Ms. McKinnon and any other potential class and collective action members would have to make few, if any, trips to Tennessee prior to trial, (4) Vaco Nashville and Vaco Charlotte, LLC are both Tennessee limited liability companies, as acknowledged in the Amended Complaint, and (5) Ms. McKinnon was paid by Vaco Nashville and potential fact witnesses employed by Vaco Nashville reside in Tennessee. The Court is not persuaded that there would be "grave inconvenience" if the case was transferred to Tennessee.

Additionally, Plaintiff argues that the selected forum is unfair to the extent it would limit Plaintiff's ability to enforce her state law rights under the NCWHA. Plaintiff has not shown how prosecuting this case in the United States District Court for the Middle District of Tennessee

7

would deprive her of a remedy, however. The facts alleged by Ms. McKinnon are identical for her FLSA and NCWHA claims, as are the remedies.

Finally, Plaintiff argues that enforcement of the forum selection clause would run afoul of the public policy of North Carolina as set forth in N.C. Gen. Stat. § 22B-3.[4] This court has made it clear that this statute is simply one of many factors to consider when a court evaluates whether a forum selection clause is reasonable. *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 241-42 (W.D.N.C. 2008) ("[Each of the District Courts in North Carolina] have consistently found that [...] the North Carolina statute is not dispositive as to the enforceability of a forum selection clause."). In *Peltier v. Mathis*, this court explained that the "enactment of Section 22B-3, however, does not otherwise render the freely negotiated forum selection clause unenforceable in this Court." No. 1:15CV133, 2016 WL 4386091, at *6 (W.D.N.C. June 23, 2016), *report and recommendation adopted sub nom. Peltier v. Gregory Mathis a.n.d Syndicated Prods., Inc.*, No. 1:15-CV-00133-MOC-DLH, 2016 WL 4411510 (W.D.N.C. Aug. 16, 2016). Moreover, "Federal Courts in North Carolina routinely enforce forum selection clauses despite the existence of Section 22B-3." *Id*. (citing cases); *see also Tauss v. Jevremovic*, No. 5:15-CV-00148-RLV-DSC, 2016 WL 4374046, at *3 (W.D.N.C. Aug. 12, 2016) ("Courts within North Carolina have enforced forum selection clauses notwithstanding this statute.") (citing cases). The Fourth Circuit has held the same in a case involving a similar South Carolina statute. *See Albemarle Corp. v. Astrazeneca UK Limited*, 628 F.3d 643, 645 (4th Cir. 2010); *see also Allen*, 94 F.3d at 928 (enforcing the forum-selection clause in a case even though it violated public policy).

---

[4] N.C. Gen. Stat. § 22B-3 states:

Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable. This prohibition shall not apply to non-consumer loan transactions or to any action or arbitration of a dispute that is commenced in another state pursuant to a forum selection provision with the consent of all parties to the contract at the time that the dispute arises.

Finding that the forum selection clause is mandatory, valid, and applies to Plaintiff's claims, the Court now turns to the transfer analysis under § 1404(a). The presence of a valid forum selection clause changes the typical § 1404(a) transfer analysis because "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 134 S. Ct. at 581. The party opposing transfer bears the burden of showing that the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Because public interest factors rarely defeat a motion to transfer, when faced with such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 575. There are no such circumstances present herein. Plaintiff has argued that public interest weighs against transfer because North Carolina has a strong interest in having localized class actions, which directly affect its citizens' rights, decided at home. However, this argument in insufficient to meet Plaintiff's burden of demonstrating that public interest factors "overwhelmingly disfavor a transfer." Accordingly,

IT IS THEREFORE ORDERED THAT Defendant Vaco Nashville's Motion to Transfer is hereby GRANTED, and this case is transferred to the United States District Court for the Middle District of Tennessee.

Signed: November 3, 2017

Graham C. Mullen
United States District Judge